UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/16
```

ARMANDO CORTEZ, CONRADO RESCALVO, and FILOGONIO CORTES, individually and on behalf of others similarly situated,

                          Plaintiff,

-against-

TBK 82 CORP. (d/b/a CALISTA SUPERFOODS), CALISTA SUPERFOODS INC (d/b/a CALISTA SUPERFOODS), RAZ 49TH STREET, LLC (d/b/a CALISTA SUPERFOODS), RAZ EAST 82ND LLC (d/b/a CALISTA SUPERFOODS), CHIYAN NG, THOMAS NG, HOWARD CHUNG and JENNIFER CHUNG,

                          Defendants.

15 Civ. 00594 (AT) (RLE)

**ORDER**

ANALISA TORRES, District Judge:

    On January 26, 2015, Plaintiffs filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). ECF No. 1. By letter dated November 22, 2016, the parties[1] informed the Court that they had reached a settlement and jointly moved for approval of the proposed settlement and an award of attorneys' fees to Plaintiffs' counsel. ECF No. 65. The Court denied the request without prejudice, identifying three problems with the proposed settlement and award of fees. ECF No. 69. By letter dated December 21, 2016, the parties submitted to the Court a revised settlement agreement and additional supporting documentation. ECF No. 73 (the "Letter"). For the reasons stated below, the motion is DENIED without prejudice.

---

[1] The parties to the proposed settlement agreement are Plaintiffs Armando Cortez and Filogonio Cortes ("Plaintiffs") and Defendants RAZ 49th Street, LLC; RAZ East 82nd, LLC; Howard Chung; and Jennifer Chung.

## DISCUSSION

I. <u>Legal Standard</u>

Before approving a FLSA settlement, a district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In making this assessment, the court should consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). Among other reasons, *see id.* at 336, courts should disapprove agreements that contain "overbroad" releases of claims, *Cheeks*, 796 F.3d at 206. Ultimately, examination of whether a proposed FLSA settlement is fair and reasonable is a highly fact-intensive undertaking. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 175-76 (S.D.N.Y. 2015). In order to be properly evaluated, a proposed settlement agreement must be supported by "evidence as to the nature of plaintiffs' claims, the *bona fides* of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Id.* at 176.

II. <u>Application</u>

Having previously reviewed the parties' submissions, the Court identified three problems with the proposed settlement agreement. ECF No. 69 at 3-4. Most importantly, the Court denied

2

the initial settlement proposal because the parties failed to justify the calculated damages of the amount awarded to Plaintiffs. *Id.* at 3; *see Mamani v. Licetti*, No. 13 Civ. 7002, 2014 WL 2971050, at *1-2 (S.D.N.Y. July 2, 2014). The parties have now provided a spreadsheet calculating damages. Letter Ex. B. However, the parties have not made clear what allegations and time periods the settlement covers. In this spreadsheet, damages for Plaintiff Armando Cortez are calculated from March 15, 2010, to March 31, 2011, and damages for Plaintiff Filogonio Cortes are calculated from May 15, 2010, to March 31, 2011. *Id.* at 1. These dates do not correspond with the allegations made in the first amended complaint, which stated that "Plaintiff [Armando] Cortez was employed by Defendants from approximately February 2010 until on or about August 29, 2014," ECF No. 37 ¶ 55, and "Plaintiff [Filogonio] Cortes was employed by Defendants from on or about March 2010 until on or about January 2015," *id.* ¶ 93. It is unclear whether Plaintiffs Cortez and Cortes have additional claims against the non-settling defendants for the remaining years. Furthermore, the proposed settlement agreement defines the "Relevant Period" as "certain times between 2009 and April 1, 2010," which matches neither the damages spreadsheet nor the complaint. Letter Ex. A, at 1. Given the inconsistencies about which claims are being settled and released, the Court cannot yet conclude that the settlement is fair and reasonable.

## CONCLUSION

Accordingly, the parties' request for approval of their settlement agreement is DENIED without prejudice to renewal. By **January 23, 2017**, the parties are directed to file a revised settlement agreement and supporting documentation in accordance with this order.

SO ORDERED.

Dated: December 23, 2016
       New York, New York

_____
ANALISA TORRES
United States District Judge

3