## SETTLEMENT AGREEMENT, RELEASE AND WAIVER OF ALL WAGE & HOUR CLAIMS

This Settlement Agreement, Release and Waiver of All Wage & Hour Claims (the "Agreement") is made by and among (i) Armando Cortez ("Cortez"), and Filogonio Cortes ("Cortes"), (Coltez, and Cortes, collectively, "Plaintiffs") and (ii) RAZ 49th Street, LLC ("RAZ 49th") ; (iii) RAZ East 82nd, LLC ("RAZ 82nd") (d/b/a Calista Superfoods), Howard Chung and Jennifer Chung (RAZ 49th Street, LLC, RAZ East 82nd, LLC, Howard Chung, and Jennifer Chung, collectively, "Defendants") (Plaintiffs and Defendants, collectively, "the Parties");

WHEREAS, Plaintiff Armando Cortez was employed by Defendants RAZ 49th and RAZ 82nd at certain times between 2009 and April 1, 2011 (the "Relevant Period"); and

WHEREAS, Plaintiff Filogonio Cortes was employed by Defendant RAZ 82nd at certain times during the Relevant Period; and

WHEREAS, on January 26, 2015, Plaintiffs Cortez, Rescalvo, and Cortes, through their attorneys, Michael Faillace & Associates, P.C., filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under The Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "Complaint"), captioned <u>Armando Cortez, Conrado Rescalvo, and Filogonio Cortes v. TBK 82 Corp (d/b/a Calista Superfoods), Howard Chung and Jennifer Chung,</u> SDNY Case No. 15-CV-594 (AT) (the "Cortez Complaint"); and

WHEREAS, on January 13, 2015, Plaintiff Armando Cortez filed a consent to become a party plaintiff with the Court; and

WHEREAS, on January 13, 2015, Plaintiff Filogonio Cortes filed a consent to become a Party plaintiff with the Court; and

WHEREAS, on November 17, 2015, Plaintiffs Cortez, Cortes, and Rescalvo, through their attorneys, Michael Faillace & Associates, P.C., filed an Amended Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under The Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "Complaint"), captioned <u>Armando Cortez, Conrado Rescalvo, and Filogonio Cortes v. TBK 82 Corp (d/b/a Calista Superfoods), Calista Superfoods Inc. (d/b/a Calista Superfoods), Raz 49th Street, LLC (d/b/a Calista Superfoods), Raz East 82nd LLC (d/b/a Calista Superfoods) (together, the "Defendant Corporations" or "Calista Superfoods"), Chiyan Ng, Thomas Ng, Howard Chung and Jennifer Chung (the "Defendant Individuals"),</u> SDNY Case No. 15-CV-594 (AT); and

WHEREAS, Defendants deny all claims in Plaintiffs' Complaint; and

WHEREAS, the Parties to this agreement have determined it to be in their mutual interests to settle the Action and all other matters between them; and

{00451138.DOC.2}

WHEREAS, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

WHEREAS, Plaintiffs have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Michael A. Faillace, Esq., Michael A. Faillace & Associates P.C., 60 East 42nd Street, Suite 2020, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiff's Attorneys"); and

WHEREAS, Defendants have been represented by their counsel, Paul Patrick Rooney, Esq., Ellenoff Grossman & Schole LLP, 1345 Avenue of the Americas, 11th Floor, New York, New York 10105, telephone number (646) 895-7185 ("Defendants' Attorneys"); and

WHEREAS, Plaintiffs' Attorneys and Defendants' Attorneys have negotiated before United Stated Magistrate Judge Ronald Ellis to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses (the "Settlement"); and

WHEREAS, Plaintiffs acknowledge that they have each entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiffs acknowledge that they each understand the meaning and effect of the execution of this Agreement;

WHEREAS, nothing in this agreement releases defendants TBK 82 Corp., TBK 82nd Corp., (D/B/A Calista Superfoods), Chiyan Ng, or Thomas Ng, who remain Defendants in the above listed litigation.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1.  **Compensation and Benefits.**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' release of all wage claims against Defendants, and provided Plaintiffs do not revoke this Agreement, Defendants will provide Plaintiffs with a payment in the amount of Thirty Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) (the "Settlement Amount"), to be paid in full within thirty (30) days following the Court's approval of this agreement as follows:

(a) a check made payable to "Michael Faillace & Associates, P.C." (TIN # 20-1211198) in the amount Thirty Seven Thousand Five Hundred and Zero Cents ($37,500.00) shall be issued within thirty (30) days following the Court's approval of this agreement; and

(b) Defendants Jennifer Chung and Howard Chung shall sign a Confession of Judgment in the form annexed hereto as Exhibit A in the amount Thirty Seven Thousand Five Hundred and Zero Cents ($37,500.00), which Confession of Judgment shall be held in escrow by

Plaintiffs' Attorneys and shall not be filed with the Court unless Defendants fail to pay the full amount within thirty (30) days following the Court's approval of this agreement. Upon receipt of the full amount from Defendants, Plaintiffs' Attorneys shall destroy the Confession of Judgment and confirm destruction of same to Defendants' Attorneys.

(c) The Parties acknowledge and agree that the Settlement, including the Settlement Amount, was supervised by United States Magistrate Judge Ronald Ellis and thus the requirements of 29 C.F.R. 825.220 have been met, and accordingly no party may challenge the validity of the FLSA waiver contained herein. If any party does challenge the validity thereof, that party shall be responsible for the other party's legal fees.

(d) Except as set forth in this Paragraph 1, Plaintiffs are not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiffs acknowledge and agree that unless they enter into this Agreement, they would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiffs each acknowledge and agree that after receipt of the consideration set forth in this Paragraph 1, they have each been paid and/or have each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was or may have been entitled from the signatory parties to this agreement.

(e) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiffs against Defendants including but not limited to any and all claims arising from or concerning employment or the termination thereof, for actual damages, front pay, back pay, compensatory damages, liquidated damages, physical, mental and emotional injuries and pain and suffering, economic damage, damage to and loss of reputation, punitive damages, interest, attorneys' fees and costs and all claims which were or could have been asserted in the Plaintiffs' Complaint and all other related matters.

(h) Plaintiffs represent that they are not aware of any existing lien against their recovery in this action. Plaintiffs agree to release, hold harmless and indemnify Defendants from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against their recovery in this action, including that portion of the recovery representing fees for legal services.

(i) Plaintiffs further acknowledge that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon their respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against their recovery in this action is exclusively their responsibility. Plaintiffs further agree that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to their recovery in this action, as well as that portion representing fees for legal services, Plaintiffs shall fully indemnify Defendants, and/or their successors or assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors or assigns.

    (j) If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiffs each agree that they shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that each of them shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due. Defendants agree to notify Plaintiffs in writing of any assessment or claim of assessment against them, and Plaintiffs agree that any payments for which they have assumed responsibility hereunder shall be paid in full within thirty (30) days after their receipt of a demand for payment. Plaintiffs further agree and understand that, in the event Defendants are required to enforce the terms of this indemnification and hold harmless provision, Plaintiffs will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

  2. **Release of Wage Claims.**

    In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually on behalf of their children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) RAZ 49th, and RAZ 82nd, and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ii) Howard Chung, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; and (iii) Jennifer Chung, in her individual and corporate capacities, and her heirs, executors, administrators, attorneys, successors and assigns (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, obligations, liabilities, charges, grievances, complaints, suits and/or demands for unpaid, inaccurate payment, or nonpayment of, wages, tips, and fringe benefits including sick pay or vacation pay under any federal, state or local law ("wage and hour claims") including but not limited to New York and federal Law (29 U.S.C. §201, *et. seq.*, New York Labor Law §§ 191, 193, 196-d, 198-b, 650, *et. seq.*, 652, and 653 and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the "Cortez Complaint," and all wage and hour claims which could have been alleged, including without limitation all such claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. Plaintiffs each acknowledge and agree that, by signing this Agreement, they are each surrendering and giving up any right they have or may have to permit themselves to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, wage and hour claims.

This release does not include a release of any rights Plaintiffs may have under this Agreement. Moreover, nothing herein shall prevent Plaintiffs from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state or local fair employment practices agency; provided, however, that Plaintiffs each further agree and understand that they have each waived their right to recover monetary damages from Defendants

in connection with any such charge, complaint or lawsuit filed by them or on their behalf arising from, or in any way relating to, their employment with Defendants.

3. **Discontinuance of Claims.**

Plaintiffs each acknowledge and agree that they are not presently aware of any legal proceedings other than the Consolidated Action pending between Plaintiffs and/or their representatives and Defendants or the Releasees. Plaintiffs agree to dismiss and withdraw the Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation Defendants' attorneys shall file by ECF to be So-Ordered by the Court. Plaintiffs further agree to refrain from refiling any and all claims against Defendants and the Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Cortez Complaint, and/or the Consolidated Action.

4. **Agreement Not to File Suit/Arbitration for Past Acts.**

Plaintiffs, for and on behalf of themselves and each of their respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiffs permit any person, group of persons, or organization to take such action their behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees arising before execution of this Agreement. Plaintiffs further agree that in the event that any person or entity should bring such a claim, complaint, or action on their behalf, Plaintiffs hereby waive and forfeit any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed. Plaintiffs understand that the provisions of this paragraph mean that they cannot bring a future lawsuit against Defendants arising out of any actions or failures to act arising before Plaintiffs' execution of this Agreement.

5. **Denial of Wrongdoing.**

Nothing contained in this Agreement, nor the fact that Plaintiffs have been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiffs, including with respect to Plaintiffs' employment, including Plaintiffs' pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

6.  **Return and Destruction of Litigation Documents.**

(a) Plaintiffs agree not to use any information or documents they obtained in connection with the Action, or the settlement thereof, in any future matters, proceedings or lawsuits against any of the Releasees.

(b) Plaintiffs' Attorneys agree not to use any information or documents they obtained in connection with their representation of Plaintiffs in any future matters, proceedings or lawsuits against any of the Releasees.

(c) Plaintiffs and Plaintiffs' Attorney agree to destroy all documents produced by Defendants in connection with the Action and not to retain copies of any such documents, including electronic documents or copies, except as required by statute. In addition to the foregoing, Plaintiffs' Attorneys agree not to use, for any purpose whatsoever, any documents relating in any way to Defendants that were obtained from non-parties. Plaintiffs and Plaintiffs' Attorneys shall retain each copy of this Agreement in a confidential file and in a location where it cannot be accessed by others.

7.  **Non-Disparagement.**

(a) Plaintiffs each agree not to make any critical, derogatory, disparaging, defamatory or untruthful statement about Defendants or the Releasees, whether by electronic, written or oral means, to any of Defendants' past, present or future patrons, competitors, partners, employees, or to any other person, including but not limited to, to the public as whole via the internet or to the press or other media.

8.  **Choice of Law and Forum.**

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or related to, Plaintiffs' employment with Defendants or this Agreement shall be resolved by final and binding arbitration before one Arbitrator of the American Arbitration Association in New York County, New York, whose decision shall be final and binding and subject to confirmation and entry in a court of competent jurisdiction with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the arbitration filing fees.

9.  **Entire Agreement.**

Plaintiffs acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

10. **Modification.**

This Agreement may not be changed unless the change is in writing and signed by Plaintiffs and their attorneys and an authorized representative of Defendants.

11. **General Provisions.**

The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

12. **Legal Counsel.**

Plaintiffs are hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiffs each hereby acknowledge that they were fully and fairly represented by Michael Faillace & Associates, P.C., in connection with the review, negotiation and signing of this Agreement.

13. **Execution.**

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFFS EACH ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**[REST OF PAGE INTENTIONALLY LEFT BLANK]**

PLAINTIFFS

ARMANDO CORTEZ

_____
Dated:

FILOGONIO CORTES

_____
Dated: 12/21/2016

DEFENDANTS

RAZ 49TH STREET, LLC.

_____
By: Jennifer Chung
Dated:

HOWARD CHUNG

_____
Dated:

RAZ EAST 82ND, LLC

_____
By: Jennifer Chung
Dated:

JENNIFER CHUNG

_____
Dated:

{00451138.DOC.2}　　　　　8