# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2540                                                          Telephone: (212) 317-1200  
New York, New York 10165                                                    Facsimile: (212) 317-1620
_____

michael@faillacelaw.com

April 10, 2016

**Filed Via ECF**

Honorable Thomas P. Griesa  
United States District Judge  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312

                 Re:       <u>Cortez et al v. TBK 82 Corp. et al</u>  
                             <u>Docket No. 1:15-cv-594 (AT)</u>

Dear Judge Griesa:

      We represent Plaintiffs Armando Cortez, Conrado Rescalvo and Filogonio Cortes ("Plantiffs") in the above-referenced matter. Plaintiffs have reached a settlement agreement with defendants TBK 82 Corp., Chiyan Ng, and Thomas Ng (the "TBK Defendants").[1] Plaintiffs write jointly with the TBK Defendants to respectfully request that the Court approve the parties' settlement pursuant to *Cheeks v. Freeport Pancake House. Inc.* 796 F.3d 199 (2d Cir. 2015).

      The parties represent to the Court that while the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial, the settlement is fair, as discussed herein. The proposed Agreement is attached hereto as Exhibit A.

      <u>Background</u>

      Plaintiffs are former employees of the TBK Defendants. Plaintiffs worked as delivery workers, cashiers, and assistant managers at Defendants' restaurant TBK 82 Corp. d/b/a Calista Superfoods. From April 1, 2011 until October 31, 2013, Calista Superfoods was owned and operated by defendants TBK 82 Corp., Chiyan Ng and Thomas Ng.

      Plaintiffs allege that they frequently worked more than forty (40) hours per week and were paid at a lower tip-credit rate of $5.00 and $5.75 without overtime compensation. Additionally, Plaintiffs alleged that they spent over twenty percent of their work day performing non-tipped, non-delivery duties, including but not limited to, food preparation, cutting vegetables, dishwashing, mopping, carrying deliveries to the basement and stocking said

---

[1] Plaintiffs Cortez and Cortes have a court-approved settlement with Defendants RAZ 49th Street LLC, RAZ East 82nd LLC, Howard Chung and Jennifer Chung. Plaintiff's claims against the Calista Superfoods Inc. remain pending, and Plaintiffs will be moving to amend the complaint and add a newly discovered individual defendant, and move for default if necessary.

deliveries, bringing up utensils and plates for cooks, preparing and taking out the garbage, cutting meats, and cleaning the general restaurant area. As such, Plaintiffs allege they were improperly paid at a tip credit rate that was below the required minimum wage rate.

Accordingly, Plaintiffs filed the Complaint alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law 650 *et seq.*, and spread of hours pursuant to the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, 137-1.7 (2006) (herein the Spread of Hours Wage Order). Defendants deny the allegations in the Complaint.

Settlement

Plaintiffs estimated that if they recovered in full for their claims, they would be entitled to approximately $177,972.00 which represents calculated minimum wage and overtime damages. (*See* Exhibit B, damages chart.) Defendants assert that TBK 82 Corp. is no longer in business, and that the individual Defendants are not currently employed. Therefore, they state that they would not be able to withstand a judgment of even a fraction of this amount. In order to avoid any possible difficulties associated with enforcing a judgment against the TBK defendants, Plaintiffs are willing to settle for less than they would obtain at trial. Furthermore, Plaintiffs intend to continue to pursue their claims against Calista Superfoods' current owner, Calista Superfoods Inc.

The parties have agreed to settle this action for the total sum of Fifty Six Thousand Dollars and Zero Cents ($56,000.00). Twenty thousand ($20,000.00) will be paid in full upon the Court's approval of this agreement and after the parties file the stipulation of dismissal annexed to the Agreement. The remaining Thirty Six Thousand dollars ($36,000) will be paid over the course of three years.

Thirty seven thousand three hundred and thirty three dollars and thirty three cents ($37,333.33) of the settlement amount will be paid to the Plaintiffs, with $25,013.33 to Armando Cortez; $373.33 to Conrado Rescalvo and $11,946.67 to Filogonio Cortes. These amounts are proportional to the damages each plaintiff could have recovered if completely successful at trial. The remaining 33%, Eighteen Thousand Four Hundred and Eighty Dollars ($18,480.00) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Court

April 10, 2017
Page 3

consider factors including "(1) the plaintiffs range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action after discovery and without incurring the costs or encumbrance of trial. Although the total figure of damages that could have been recovered exceeds the settlement amount, there was a substantial risk that Plaintiffs would have received judgment at an amount significantly less than their maximum damages after a trial. Considering the possibility of this outcome after a trial, as well as potential difficulties enforcing any judgment, we believe the settlement amount in this case is fair and reasonable.

Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiffs; no other employees have come forward, nor would they be prejudiced by dismissal of this lawsuit.

Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will Eighteen Thousand Four Hundred and Eighty Dollars ($18,480.00) from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation. This represents a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.      Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii.      Raquel A. Gutiérrez, was an associate at Michael Faillace & Associates, P.C.  Ms. Gutiérrez graduated from Fordham Law School in 2011.  Following law school she practiced in the Kings County District Attorney's Office for three years cultivating a background in criminal litigation. Since joining Michael Faillace & Associates, P.C. in February 2015, she was responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on multiple individual and collective action litigations under the FLSA.

    iii.      Marisol Santos is an associate at Michael Faillace & Associates, P.C.  She graduated from Fordham Law School in 2013.  Following law school, she has cultivated a specialization in employment law.  Prior to joining Michael Faillace & Associates, P.C. she worked as a wage and hour litigation associate at New York firm, where she successfully represented small business owners and employees. Since joining Michael Faillace & Associates in October 2016, she has been responsible for all aspects of the firm's employment docket in federal court.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering after execution of the Agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

                                      Respectfully Submitted,

                                      /s/ Michael Faillace
                                    Michael Faillace

cc:  Thomas Ng (via e-mail)
     Chiyan Ng (via e-mail)
     *Defendants*