UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO CORTEZ, CONRADO RESCALVO, and FILOGONIO CORTES, individually and on behalf of all other persons similarly situated,<br><br>       Plaintiffs,<br><br>-against-<br><br>CALISTA SUPERFOODS INC. (d/b/a CALISTA SUPERFOODS), and IRMO HOLSLAG,<br><br>       Defendants. | ECF Case<br><br>No. 15-cv-594 |
| IRMO HOLSLAG,<br><br>       Cross-Claim Plaintiff,<br><br>-against-<br><br>CALISTA SUPERFOODS INC. (d/b/a CALISTA SUPERFOODS),<br><br>       Cross-Claim Defendant | |

## SETTLEMENT AGREEMENT

**WHEREAS**, plaintiffs Armando Cortez, Conrado Rescalvo, and Filogonio Cortes (collectively, "Plaintiffs") commenced the above-captioned action against defendants Calista Superfoods Inc. ("Calista") and Irmo Holslag ("Holslag") in the United States District Court for the Southern District of New York ("Court"), bearing Case No. 1:15-cv-594 ("Action") and alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, Holslag has asserted cross-claims against Calista in the Action;

**WHEREAS**, Holslag has denied and continues to deny all allegations and claims made by Plaintiffs against him in their entirety;

**WHEREAS**, Plaintiffs and Holslag (collectively, the "Parties") desire to fully and finally resolve all claims asserted in the Action or which could have been asserted in the Action based on the facts alleged in all of the pleadings filed in the Action;

**WHEREAS**, Plaintiffs and Holslag engaged in good faith negotiations at arms-length and exchanged detailed damages calculations for settlement purposes;

**WHEREAS,** Plaintiffs and Holslag reached a settlement that is acceptable to the Parties and that constitutes a fair and reasonable compromise of Plaintiffs' claims, Holslag's defenses, and the *bona fide* dispute between the Parties; and

**WHEREAS,** the Parties have memorialized their settlement by way of this Settlement Agreement ("Agreement") and understand that they are waiving legal rights by signing this Agreement and enter into this Agreement voluntarily with a full understanding of, and agreement with, all of its terms.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, and assigns, and Holslag agree as follows:

1. **Preliminary Matters.** Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with Plaintiffs' counsel, Michael Faillace & Associates, P.C., in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider Plaintiffs' counsel's advice with respect to the foregoing and following Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

2. **No Admission of Liability.** The Parties hereto recognize and agree that Holslag does not admit, and expressly denies, any violation of law or any liability to Plaintiffs or anyone else as a result of or growing out of matters that: (i) are set forth in the pleadings, including without limitation the Second Amended Complaint, filed by Plaintiffs in the Action; (ii) could have been raised in the Action; or (iii) otherwise involve Plaintiffs' purported employment relationship with Holslag and/or the separation or termination of Plaintiffs' purported employment relationship with Holslag. Plaintiffs shall not be considered a prevailing party with respect to Holslag. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action, in a proceeding for breach of this Agreement and/or to enforce the terms of this Agreement, or to prove the assigning of certain rights by Holslag to Plaintiffs as set forth herein.

3. **Dismissal of Action and Settlement Approval.** For and in consideration of the promises of Holslag set forth in this Agreement, the receipt and sufficiency of which Plaintiffs hereby acknowledge, Plaintiffs agree: (i) to dismiss Holslag from the Action with prejudice or cause Holslag to be dismissed from the Action with prejudice; (ii) not to re-file the causes of action against Holslag asserted in the Action or any other causes of action that could have been asserted against Holslag in the Action; (iii) not to institute any action against Holslag based on any claims or allegations that exist on or prior to the date that Plaintiffs execute this Agreement ("Effective Date") and that are released by this Agreement; and (iv) not to institute any action against Holslag based on any wage and hour claims that exist on or prior to the Effective Date and that are released by this Agreement. The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016) ("*Cheeks*"). To that end, the Parties shall sign the Stipulation and (Proposed) Order Approving FLSA Settlement and Dismissing Action with Prejudice ("Dismissal Order") that is attached to this Agreement as Exhibit A. The Dismissal Order shall be filed in the United States District Court for the Southern District

of New York with a fully executed copy of this Agreement and any other papers that are necessary to effectuate the approval of the Agreement, including the release of claims contemplated thereby, and the dismissal of Holslag from the Action with prejudice. Holslag shall be provided with a reasonable period of time to review and provide comments to Plaintiffs regarding Plaintiffs' application for the approval of this Agreement prior to its submission to the Court, as well as to make his own submission to the Court if appropriate.

4. **Consideration.**

A. For and in consideration of the promises of Plaintiffs set forth in this Agreement, including but not limited to the releases contained in Section 5 below, and subject to an order by the Court approving the terms and conditions of this Agreement as a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act, in accordance with *Cheeks*, and dismissing Holslag from the Action with prejudice (collectively, "Final Order"), Holslag; (i) agrees to pay Plaintiffs and their attorneys the maximum total sum of Forty Thousand Dollars and Zero Cents ($40,000.00) ("Settlement Payment") in full and final satisfaction of all issues between the Parties; and (ii) assign his rights in the cross-claims that he has alleged against Calista to Plaintiffs ("Assignment"). The Settlement Payment shall be paid within thirty (30) days after Holslag is dismissed from the Action and shall be paid by check made out to "Michael Faillace & Associates, P.C., as attorneys for Plaintiffs" Plaintiffs' counsel shall be responsible for distributing Plaintiffs' portions of the Settlement Payment to Plaintiffs.

B. The Settlement Payment shall be allocated as follows:

(i) $10,933.33 shall be allocated to Plaintiff Armando Cortez;

(ii) $6,400.00 shall be allocated to Plaintiff Conrado Rescalvo;

(iii) $9,333.34 shall be allocated to Plaintiff Filogonio Cortes; and

(iv) $13,333.33 shall be allocated to Plaintiffs' Counsel Michael Faillace & Associates, P.C. for attorneys' fees and costs

C. Plaintiffs understand and agree that Plaintiffs are solely responsible for any and all tax obligations that may result from the Settlement Payment and that Plaintiffs are not relying on any representations made by Holslag or his counsel regarding the tax implications of the Settlement Payment. Although the Parties believe, in good faith, that the tax treatment of the Settlement Payments is proper and in compliance with applicable IRS, state and municipal regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines that any Plaintiff and/or Holslag are liable for any failure by any Plaintiff to pay federal, state, or local taxes with respect to the Settlement Payment, Plaintiffs agree to reimburse, indemnify, and hold Holslag harmless for any such liability.

D. Plaintiffs' counsel and Holslag counsel do not intend for this Agreement to constitute legal advice regarding the tax consequences of these payments. To the extent that this Agreement is interpreted to contain or constitute legal advice regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. Plaintiffs agree that they have not relied on

- 3 -

any advice from Holslag or his attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but is relying on their own judgment and the advice of their own counsel in this matter.

5. **Release by Plaintiffs.** For and in consideration of the promises of Holslag set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns, hereby fully and forever releases, relieves, waives, relinquishes, and discharges Releasees (as defined below) from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands relating to the facts and claims asserted by Plaintiffs in the pleadings filed in the Action against Holslag or that could have been raised by Plaintiffs based on the facts asserted in the pleadings, whether such claims are known or unknown, under federal, state, and/or local wage and hour laws (including, but not limited to, the FLSA, the NYLL, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act) or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the Effective Date of this Agreement. This release is limited solely and only to wage and hour claims that have arisen on or prior to the Effective Date of this Agreement and it does not release or discharge any claims that may occur after that date. As used in this Agreement, the term "Releasees" shall refer to Holslag, his heirs, executors, administrators, insurers, and attorneys.

6. **Assignment.** Holslag hereby assigns all rights and interests he has to Plaintiffs with respect to the cross-claims that he has asserted against Calista in the Action.

7. **No Entitlement to Payments or Benefits Outside This Agreement.** Plaintiffs expressly understand and agree that, except as specifically provided in this Agreement, Plaintiffs are not entitled to any payments and/or benefits from Releasees, including, but not limited to, any wages, compensation, back pay, front pay, gratuities, charges purported to be gratuities, commissions, incentive pay, bonuses, interest, damages, benefits, severance pay, vacation pay, sick leave, paid time off, costs, disbursements, and/or attorneys' fees through the date that Plaintiffs execute this Agreement.

8. **Governing Law.** This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles.

9. **Severability.** In the event that the Court determines that any provision of this Agreement is invalid or unenforceable (other than Section 5), the remaining provisions shall continue in full force and effect. In the event that, after the Court approves this Agreement (including Section 5) and dismisses the Action with prejudice, another court of competent jurisdiction determines that any provision of this Agreement is invalid or unenforceable (other than Section 5), the remaining provisions shall continue in full force and effect. However, if that court of competent jurisdiction determines that Section 5 is invalid or unenforceable, then all monies paid hereunder must be returned to Holslag within seven days.

10. **Status of Settlement if Case Is Not Ultimately Dismissed.** In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be return to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

11. **Attorneys' Fees and Costs.** Except as otherwise specifically set forth herein, Plaintiffs and Holslag expressly agree to bear their own attorneys' fees, costs and expenses incurred in the Action, including the fees, costs, and expenses incurred in negotiating the settlement, drafting this Agreement, and obtaining the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees, costs, or expenses for any other party, except as set forth herein.

12. **Interpretation/Jointly Drafted Agreement.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective attorneys. It shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

13. **Important Acknowledgments.** It is understood and agreed that the Settlement Payment, the Assignment, and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiffs and referenced herein, constitutes a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks*. Accordingly, the Parties represent and warrant that the Settlement Payment is fair and reasonable and that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The Parties further represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys and that they are executing this Agreement knowingly and voluntarily.

14. **No Other Representations or Agreements; Entire Agreement.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement is a fully integrated contract expressing and containing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter of this Agreement. This Agreement supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter of this Agreement.

15. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing that is signed by the Parties and specifically references this Agreement.

16. **Headings.** The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

17. **Successors and Assigns.** This Agreement will apply to, be binding in all respects upon, and insure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them, provided, however, that no party may delegate or avoid any of its liabilities, obligations, or responsibilities under this Agreement.

18. **Execution in Counterparts.** This Agreement may be executed in counterparts by the Parties. Each executed Agreement, when taken together, shall constitute a complete Agreement. Scanned, photocopied, and/or facsimile copies of each executed Agreement shall be deemed original copies for all purposes.

19. **Knowing and Voluntary Release of Claims.** Plaintiffs acknowledge that:

    A. Plaintiffs have carefully read and fully understand all of the provisions of this Agreement;

    B. Plaintiffs understand that all of the consideration that Plaintiffs are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiffs to sign it;

    C. Plaintiffs knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    D. Plaintiffs knowingly and voluntarily intend to be legally bound by this Agreement;

    E. Plaintiffs were advised to consult with counsel, and, in fact, consulted with counsel, prior to executing this Agreement;

    F. Plaintiffs are signing this Agreement knowingly, voluntarily, and without any coercion or duress; and

    G. Plaintiffs have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

**ARMANDO CORTEZ:**

Date:_____ ✗ _/s/_ _____

**CONRADO RESCALVO:**

Date: 2-11-19  _/s/_ _____

**FILOGONIO CORTES:**

Date: 2/11/19  _/s/_ _____

**IRMO HOLSLAG:**

Date:_____ _____

ACTIVE\84222376.v1

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

**ARMANDO CORTEZ:**

Date:_____                        _____

**CONRADO RESCALVO:**

Date:_____                        _____

**FILOGONIO CORTES:**

Date:_____                        _____

**IRMO HOLSLAG:**

Date: 2/8/2019                              /s/ Irmo Holslag

ACTIVE\84222376.v1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO CORTEZ, CONRADO RESCALVO, and FILOGONIO CORTES, individually and on behalf of all other persons similarly situated,<br><br>                               Plaintiffs,<br><br>-against-<br><br>CALISTA SUPERFOODS INC. (d/b/a CALISTA SUPERFOODS), and IRMO HOLSLAG,<br><br>                               Defendants. | ECF Case<br><br>No. 15-cv-594<br><br>STIPULATION AND (PROPOSED) ORDER APPROVING FLSA SETTLEMENT AND DISMISSING HOLSLAG FROM THE ACTION WITH PREJUDICE |
| IRMO HOLSLAG,<br><br>                               Cross-Claim Plaintiff,<br><br>-against-<br><br>CALISTA SUPERFOODS INC. (d/b/a CALISTA SUPERFOODS),<br><br>                               Cross-Claim Defendant | |

**WHEREAS**, on November 28, 2017, plaintiffs Armando Cortez, Conrado Rescalvo, and Filogonio Cortes (collectively "Plaintiffs") filed a Second Amended Complaint asserting claims pursuant to the Fair Labor Standards Act and New York Labor Law against defendants Calista Superfoods Inc. and Irmo Holslag ("Holslag" and together with Plaintiff, the "Parties");

**WHEREAS**, the Parties have entered into a Settlement Agreement, dated February 7, 2019 ("Agreement"), memorializing the terms of the Parties' settlement; and

**WHEREAS**, this Court has reviewed the Agreement, finds that its terms provide for a fair and reasonable resolution of a bona fide dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*,

796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016), and thereby approves the settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for Plaintiffs and Holslag, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, that all claim asserted against Holslag in this action are dismissed with prejudice, with no award of counsel fees or costs by this Court to any party, and that this Court shall retain jurisdiction to enforce the terms of the Agreement.

| | |
|---|---|
| **MICHAEL FAILLACE & ASSOCIATES, P.C.** | **FOX ROTHSCHILD LLP** |
| By: _____<br>Michael A. Faillace, Esq.<br>Sara Isaacson, Esq.<br>60 East 42nd Street<br>New York, New York 10165<br>Telephone: (212) 317-1200<br>*Attorneys for Plaintiffs* | By: _____<br>Glenn S. Grindlinger, Esq.<br>101 Park Avenue, 17th Floor<br>New York, New York 10178<br>Telephone: (212) 878-7900<br>*Attorneys for Defendant<br>Irmo Holslag* |

SO ORDERED.

Dated: New York, New York
_____, 2019

_____
**HON. COLLEEN MCMAHON, U.S.D.J.**