# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

February 14, 2019

**VIA ECF**

Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** *Cortez, et al. v. TBK 82 Corp., et al*
Case No. 15-cv-594-CM

Dear Judge McMahon:

We represent Plaintiffs Armando Cortez, Conrado Rescalvo and Filogonio Cortes in the above-referenced matter. Plaintiffs have reached a settlement agreement with defendant Irmo Holslag (the "Defendant"). With the consent of Defendant, Plaintiffs write to respectfully request that the Court approve the parties' settlement pursuant to *Cheeks v. Freeport Pancake House. Inc* 796 F.3d 199 (2d Cir. 2015).

The parties represent to the Court that while the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial, the settlement is fair, as discussed herein. The proposed Agreement is attached hereto as **Exhibit A**.

### Background

MEMO ENDORSED

Plaintiffs worked as cashiers, assistant managers, and ostensibly as delivery workers at a health food restaurant under the name Calista Superfoods located at 1217 Lexington Avenue, New York, New York 10028 (Calista"). Defendant owned Calista Superfoods during the time period covered in the Complaint.

Plaintiffs Armando Cortez ("Plaintiff Cortez") was employed by Calista as a cashier, delivery worker, and assistant manager from approximately November 1, 2013 until on or about August 29, 2014. From approximately November 1, 2013 until on or about December 2013, Plaintiff Cortez typically worked 72 hours per week. From approximately January 2014 until on or about August 29, 2014, Plaintiff Cortez typically worked 68 to 75 hours per week. Throughout this period, Plaintiff Cortez was paid his wages by check. From approximately November 1, 2013 until on or about March 2014, Plaintiff Cortez was paid a fixed salary of approximately $1,440 on a bi-weekly basis. From approximately March 2014 until on or about August 29, 2014, Plaintiff Cortez was paid a fixed salary of approximately $1,800 on a bi-weekly basis if he worked a regular schedule. If Plaintiff Cortez worked on Saturdays, he was paid a fixed salary of $1,940 on a bi-weekly basis.

*Certified as a minority-owned business in the State of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 3/15/19

Plaintiff Conrado Rescalvo ("Plaintiff Rescalvo") was employed by Calista as a delivery worker from approximately November 1, 2013 until January 2015. From approximately November 1, 2013 until on or about December 2013, Plaintiff Rescalvo typically worked 37.5 hours per week. From approximately January 2014 until on or about January 2015, Plaintiff Rescalvo typically worked 63.5 hours per week. Throughout his employment with Defendant, Plaintiff Rescalvo was paid his wages by check. Throughout his employment with Defendant, Plaintiff Rescalvo was paid $6.00 per hour on a bi-weekly basis.

Plaintiff Filogonio Cortes ("Plaintiff Cortes") was employed by Defendant as a deliveryman from approximately November 1, 2013 until January 2015. From approximately November 1, 2013 until December 2014, Plaintiff Cortes typically worked 70.5 hours per week. From approximately December 2014 until on or about January 2015, Plaintiff Cortes typically worked 64 hours per week. Throughout his employment with the Defendant, Plaintiff Cortes was paid his wages by check. From approximately November 1, 2013 until on or about January 2014, Plaintiff Cortes was paid a fixed salary of $800 on a bi-weekly basis. From approximately January 2014 until on or about January 2015, Plaintiff Cortes was paid $6.00 per hour, on bi-weekly basis.

Defendant denies Plaintiffs allegations and assert that Plaintiffs were paid in accordance with the law. In particular, Defendants assert that: (1) Plaintiff Cortez was a manager, and, therefore exempt from the overtime requirements; (2) Plaintiffs worked far fewer hours than they claim, and specifically assert that Plaintiff Rescalvo and Plaintiff Cortes only worked approximately 40 to 42 hours per week; and (3) Plaintiff Cortez's claims must be dismissed for statute of limitations issues because the second amended complaint was filed on November 28, 2017 and Plaintiff Cortez stopped working for Defendant in August 2014.

The Parties thus acknowledge that they each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the Parties agreed to resolve and settle the case.

**Settlement**

Plaintiffs estimate that, in a best case scenario, they would be entitled to approximately $62,075.38 in minimum and overtime base wages. However, if Defendant was to succeed in proving that Plaintiffs were paid in accordance with the law, they estimate that they would be entitled much less, if anything at all. Defendant for his part asserts that he should not be liable to Plaintiffs for any unpaid wages or penalties. Accordingly, the Parties have agreed to resolve this action for the total sum of **$40,000.00**, which will be paid as outlined in **Exhibit A**. Twenty-Six Thousand Six-Hundred and Sixty Six Dollars and Sixty-Seven Cents ($26,666.67) of the settlement amount will be paid to the Plaintiffs, in full satisfaction of any wages or penalties owed ($10,933.33 to Plaintiff Cortez; $6,400 to Plaintiff Rescalvo; and $9,333.34 to Plaintiff Cortes). The remaining Thirteen Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($13,333.33) will be paid to Michael Faillace & Associates, P.C., as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action, without incurring the costs or encumbrance of lengthy trial. The Forty Thousand Dollars ($40,000.00) that they will be receiving accounts for most of any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiffs would recover if Defendant was to successfully establish that Plaintiffs were paid in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiffs, the settlement represents a reasonable compromise with respect to contested issues. Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such, and there has been no publicity concerning this matter; consequently, there is no prejudice to any potential class member who is not a party to the Agreement.

### The Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $13,333.33 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provide that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this

Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result.

Attached hereto as **Exhibit B**, are the Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

- Marisol Santos was an associate at Michael Faillace & Associates, P.C. She graduated from Fordham Law School in 2013. Following law school, she has cultivated a specialization in employment law. Prior to joining Michael Faillace & Associates, P.C. she worked as a wage and hour litigation associate at New York firm, where she successfully represented small business owners and employees. While working at Michael Faillace & Associates she was responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and the Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Hon. Colleen McMahon
February 14, 2019
Page 5 of 5

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:     Glenn S. Grindlinger, Esq. (via ECF)
        *Attorney for Defendants*